*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* MT.

JOHN ROSS,

       Petitioner-Appellee,

v

MT,

       Respondent-Appellant.

UNPUBLISHED
June 22, 2023

No. 363415
Washtenaw Probate Court
LC No. 22-000679-MI

Before: CAMERON, P.J., and MURRAY and GADOLA, JJ.

PER CURIAM.

Respondent appeals as of right the order for mental health treatment. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case arises from an altercation resulting from respondent's serious mental health issues. Respondent was hospitalized and a petition was filed requesting the probate court determine respondent was an individual requiring mental health treatment and order hospitalization for ongoing treatment. After a mental health hearing, the probate court found by clear and convincing evidence respondent required mental health treatment. The probate court entered a written order requiring respondent to receive combined hospitalization and out-patient treatment for no longer than 180 days, with an initial hospitalization period up to 60 days. This appeal followed.

## II. DEFERRAL

Respondent argues the probate court erred because it failed to address his desire to defer the hearing and allowed the hospital to make the deferral determination. We disagree.

-1-

## A. STANDARD OF REVIEW

We review for an abuse of discretion the probate court's dispositional orders and for clear error its factual findings. *In re Portus*, 325 Mich App 374, 381; 926 NW2d 33 (2018). "An abuse of discretion occurs when the probate court chooses an outcome outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted). A finding is clearly erroneous "when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *Id*. (quotation marks and citation omitted).

This issue also concerns issues of statutory interpretation, which we review de novo. *In re Guardianship of Redd*, 321 Mich App 398, 404; 909 NW2d 289 (2017). "When interpreting statutes, our primary goal is to ascertain and give effect to the intent of the Legislature." *In re Portus*, 325 Mich App at 381 (quotation marks and citation omitted). When interpreting the statute, we look to "the specific language of the statute, considering the fair and natural import of the terms employed, in view of the subject matter of the law. We must examine the statute as a whole, reading individual words and phrases in the context of the entire legislative scheme." *Id*. at 381-382.

Respondent did not object to the probate court's alleged failure to address respondent's desire to defer the hearing, nor did he object to the hospital's alleged statement that it would not accept a deferral. Therefore, respondent's arguments are not preserved for appeal. See *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008). We review respondent's unpreserved arguments for plain error affecting a party's substantial rights. *Id*. at 8-9. "Generally, an error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *Id*. at 9.

## B. ANALYSIS

"Proceedings seeking an order of involuntary mental health treatment under the Mental Health Code for an individual on the basis of mental illness . . . generally are referred to as 'civil commitment' proceedings." *In re Portus*, 325 Mich App at 382 (citations omitted). "The specific procedures for obtaining continuing orders of hospitalization or other forms of treatment based on a person's mental illness are contained in various provisions of Chapter 4 of the Mental Health Code, MCL 330.1400 *et seq*." *Id*. Under MCL 330.1455(3):

> The subject of a petition under section 434 who is hospitalized pending the court hearing, within 72 hours after the petition and clinical certificates have been filed with the court, shall meet with legal counsel, a treatment team member assigned by the hospital director, a person assigned by the executive director of the responsible community mental health services program or other program as designated by the department, and, if possible, a person designated by the subject of the petition, in order to be informed of all of the following:
>
> (a) The proposed plan of treatment in the hospital.
>
> (b) The nature and possible consequences of commitment procedures.

(c) The proposed plan of treatment in the community consisting of either an alternative to hospitalization or a combination of hospitalization and assisted outpatient treatment with hospitalization not to exceed 60 days.

(d) The right to request that the hearing be temporarily deferred, with a continuing right to demand a hearing during the deferral period. The deferral period shall be 60 days if the individual chooses to remain hospitalized, or 180 days if the individual chooses outpatient treatment or a combination of hospitalization and outpatient treatment. [MCL 330.1455(3).]

MCL 330.1455(6) outlines the procedure for requesting a deferral, stating:

The subject of a petition under section 434 may file with the court a request to temporarily defer the hearing for not longer than 60 days if the individual chooses to remain hospitalized, or 180 days if the individual chooses outpatient treatment or a combination of hospitalization and outpatient treatment. The request shall include a stipulation that the individual agrees to remain hospitalized and to accept treatment as may be prescribed for the deferral period, to accept and follow the proposed plan of treatment as described in subsection (3)(c) for the deferral period, or to accept and follow the proposed plan for outpatient treatment, and further agrees that at any time the individual may refuse treatment and demand a hearing under section 452. The request to temporarily defer the hearing shall be on a form provided by the department and signed by the individual in the presence of his or her legal counsel and shall be filed with the court by legal counsel. [MCL 330.1455(6).]

Thus, under the plain, unambiguous language of the statutes, respondent must be informed about his right to defer his hearing, and only respondent is permitted to request a deferral of the hearing. However, if respondent chooses to defer, he must agree to remain hospitalized and accept treatment during the deferral period. The request for deferral is also required to be reduced to writing by way of a form provided by the department. Further, it must contain respondent's signature and be filed with the court. MCL 330.1455(6).

Respondent argues the probate court erred because it failed to address his desire to defer the hearing. But respondent never requested a deferral of his hearing, or indicated that he was even interested in deferring his hearing. There also was no evidence to suggest that respondent was prevented from exercising his right to defer. To the contrary, respondent's counsel expressly noted respondent was not seeking deferral, stating: "Your Honor, I'm not sure that he wishes to defer. I just wanted the hospital to explore whether that was an option based on his compliance with medication prior to the hearing." Respondent later expressed his willingness to cooperate with the proposed treatment and merely sought clarification regarding the length of his hospitalization. There is also no indication that respondent requested a deferral in conformity with the procedure outlined in MCL 330. 1455(6). Because there is no evidence to suggest respondent sought a deferral of the hearing, there is no basis to conclude the probate court erred by failing to grant a deferral.

Respondent also asserts the probate court erred because it allowed the hospital to determine whether the hearing was deferred. While we agree that the decision to defer the hearing was not for the hospital to decide, there is no indication the hospital made any determination regarding deferral. MCL 330.1455(6) requires a respondent seeking to defer the hearing to agree to remain hospitalized and accept treatment during the deferral period. Thus, it is necessary for the parties to determine before the hearing whether respondent would agree to follow the treatment plan, otherwise, deferral is inappropriate.

At the beginning of the hearing, the parties attempted to ascertain whether respondent sought to defer the hearing. Respondent's treating psychiatrist stated that she believed a hearing was necessary. Later during the hearing, the psychiatrist expressed concern about whether respondent understood the need for treatment:

> He has wavered about whether or not he has been willing to accept treatment at times, saying he is okay with it. And then at other times he appears to be making decisions based on things that he is not able to articulate but appear to be not based in reality about not, not being willing to take medications.

The record reflects that the psychiatrist was not making a determinative decision on whether to defer the hearing. Rather, she was expressing her opinion that deferral was not appropriate because respondent had wavered on whether to accept treatment, and MCL 330.1455(6) required respondent to do so. Because the psychiatrist's testimony provided context for why deferral was not a viable option for respondent, and respondent neither sought nor indicated he was interested in a deferral, we conclude that the probate court did not err in finding that respondent was an individual requiring treatment.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Respondent argues he was denied the effective assistance of counsel because his counsel gave the hospital discretion and control over respondent's deferral decision and failed to file the certificate of consultation.[1] We disagree.

## A. STANDARD OF REVIEW

To preserve an ineffective assistance of counsel claim for appellate review, an evidentiary hearing must have been requested and held before the probate court "to create a factual record

---

[1] We note respondent does not expressly characterize his arguments as a claim of ineffective assistance of counsel. However, "[i]t is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *In re Gerald L Pollack Trust*, 309 Mich App 125, 158; 867 NW2d 884 (2015). The "gravamen" of respondent's argument is his claim for ineffective assistance of counsel because respondent contemplates "whether counsel's conduct so undermined the proper functioning of the process that it cannot be relied on to have produced a just result." *In re Londowski*, 340 Mich App at 515 (citation omitted). Therefore, we analyze respondent's argument as a claim for ineffective assistance of counsel.

related to the alleged ineffective-assistance-of-counsel claims. . . ." *In re Londowski*, 340 Mich App 495, 516; 986 NW2d 659 (2022) (citation omitted). The record indicates there was no request for an evidentiary hearing, so one was not held to address respondent's claims. Accordingly, "appellate review is for errors apparent on the record, though we retain the authority to remand for an evidentiary hearing if one is needed." *Id*. (quotation marks and citation omitted). "The question whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *Id*. (citation and quotation marks omitted). Our review in this case is for "errors apparent on the record, though we retain the authority to remand for an evidentiary hearing if one is needed." *Id*. (citations and quotation marks omitted).

## B. ANALYSIS

"[D]ue process requires that an individual subject to a petition in a civil commitment proceeding has a right to the effective assistance of counsel." *In re Londowski*, 340 Mich App at 515 (citation omitted). "[R]espondent must demonstrate that counsel's performance was deficient under an objective standard of reasonableness and that counsel's errors were so serious as to deprive the [respondent] of a fair [hearing] . . . whose result is reliable." *Id*. (citations and quotations marks omitted). With respect to civil commitment proceedings, "[t]he attorney must serve as an advocate for the individual's preferred position. If the individual does not express a preference, the attorney must advocate for the position that the attorney believes is in the individual's best interest." MCR 5.732(B).

Respondent first argues he was denied the effective assistance of counsel because his counsel gave the hospital discretion and control over respondent's deferral decision. However, as previously discussed, the hospital did not make the decision whether to defer the hearing; that decision remained solely with respondent, who chose not to exercise his right to defer. Again, counsel stated, in relevant part: "Your Honor, I'm not sure that he wishes to defer. I just wanted the hospital to explore whether that was an option based on his compliance with medication prior to the hearing." Counsel's statement did not grant the psychiatrist or the hospital discretion over respondent's deferral decision. Rather, it highlights counsel's attempt to ascertain whether respondent would have the option to defer under MCL 330.1455(6). Arguably, because respondent did not express a preference regarding deferral, counsel was simply advocating for the position he believed was in respondent's best interests, as required by MCR 5.732. Respondent's claim fails because the record does not support a finding respondent's counsel's performance fell below an objective standard of reasonableness or that any alleged errors deprived respondent of a fair hearing.

Respondent next argues he was denied the effective assistance of counsel because counsel failed to file the certificate of consultation. MCL 330.1454 states, in relevant part:

> (8) Legal counsel for the subject of a petition under section 452(1)(A) who is hospitalized pending the court hearing shall consult in person with the individual for the first time not more than 72 hours after the petition and 2 clinical certificates have been filed with the court.

(9) After the consultation required in subsection (7) or (8), counsel promptly shall file with the court a certificate stating that he or she personally has seen and has consulted with the subject of a petition as required by this section. [MCL 330.1454(8), (9).]

Thus, counsel had a duty to consult with respondent before the hearing and to promptly file a consultation certificate affirming he consulted with respondent.

At the beginning of the hearing, the probate court asked respondent's counsel whether he was able to consult with respondent before the hearing. Respondent's counsel confirmed, stating: "I have your Honor, and I believe I had filed the requisite certificate. If I haven't, I will." According to the register of actions, however, no certificate was filed. Thus, respondent is correct counsel failed to uphold his statutory duty under MCL 330.1454(9). However, it cannot be said that counsel's failure to file the certificate of consultation was an error "so serious as to deprive the [respondent] of a fair [hearing] . . . ." *In re Londowski*, 340 Mich App at 515 (quotation marks and citation omitted). Rather, this appears to be an administrative error. Because the record shows counsel consulted with respondent before the hearing and seems to have, at the very least, drafted a consultation certificate, respondent's due-process rights have not been violated, and his claim fails.

Affirmed.

/s/ Thomas C. Cameron
/s/ Christopher M. Murray
/s/ Michael F. Gadola

-6-